1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GEORGE THOMAS WILKERSON,

11          Plaintiff,              No. CIV S-08-2168 LKK DAD PS

12          v.

13   WORLD SAVINGS AND LOAN         ORDER AND
     ASSOCIATION, et al.,
14                                  FINDINGS AND RECOMMENDATIONS
            Defendants.
15
     _____/
16

17          This case came before the court on April 3, 2009, for hearing of defendant's

18   motion to strike plaintiff's punitive damages claim pursuant to Federal Rule of Civil Procedure

19   12(f) (Doc. No. 8) and defendant's motion to dismiss plaintiff's complaint pursuant to Federal

20   Rules of Civil Procedure 9 and 12(b)(6) (Doc. No. 9).[1]  Plaintiff George Thomas Wilkerson,

21   proceeding pro se, appeared on his own behalf.  Stephen Goostrey, Esq. appeared telephonically

22   for defendant World Savings Bank.  Upon consideration of all written materials filed in

23   /////

24   _____

25          [1]  The motion was originally noticed for hearing on February 23, 2009.  At that hearing
     the court noted that plaintiff had failed to file any written opposition to the pending motion.  The
26   court continued the hearing to provide plaintiff additional time to do so.

1  connection with the motion, the parties' arguments at the hearing, and the entire file, the

2  undersigned recommends that defendant's motions be granted and this action be dismissed.

3                                    BACKGROUND

4           Plaintiff filed his complaint with an application to proceed in forma pauperis on

5  September 15, 2008.  The undersigned granted plaintiff's in forma pauperis application and

6  authorized service of the complaint on the defendant.  Defendant filed its motions to strike and

7  dismiss on January 9, 2009.  Plaintiff eventually filed his written opposition to the motions on

8  March 24, 2009, stating only that he had "stated any and all claims for which relief can be

9  granted against this defendant in his complaint."  (Doc. No. 15 at 1.)  Defendant filed a timely

10  reply, in which it correctly noted that plaintiff's belated response to the motions amounted to no

11  opposition.  (Doc. No. 19 at 2.)

12                                 PLAINTIFF'S CLAIMS

13          In his brief three-page complaint plaintiff alleges in conclusory fashion that

14  defendant World Savings injured him by:  (1) placing him into an adjustable rate mortgage loan

15  without regard for his ability to repay the loan; (2) excessively impounding interest payments; (3)

16  refusing to accept loan payments after plaintiff filed for Chapter 13 bankruptcy; (4) refusing to

17  provide an accounting for missed loan payments; (5) overstating the unpaid balance on the loan;

18  (6) failing to give adequate notice of foreclosure and the trustee sale on February 16, 2001;

19  (7) providing an inadequate appraisal report with respect to plaintiff's home in 1999; and

20  (8) taking and selling plaintiff's home in bad faith and with malice.  (Compl. at 1-2.)  In his

21  complaint, plaintiff seeks compensatory and punitive damages.  (Id. at 3.)

22                              ARGUMENTS OF THE PARTIES

23          Defendant seeks dismissal of plaintiff's claims pursuant to Federal Rule of Civil

24  Procedure 12(b)(6) on the following grounds:  (a) plaintiff lacks standing to prosecute his claims

25  because he failed to list them in his Chapter 13 bankruptcy filed August 27, 1996; (b) plaintiff's

26  claims are time-barred; (c) plaintiff's vague claims are preempted by the Home Owners Loan Act

                                          2

(HOLA) (15 U.S.C. § 1461, *et. seq.* and its implementing regulations found at 12 C.F.R. § 560.2); (d) plaintiff fails to state any actionable claim for relief; and (e) plaintiff's vague allegations of fraud fail to meet the strict pleading requirements of Rule 9 of the Federal Rules of Civil Procedure.  In addition, in a separate motion, defendant has moved to strike plaintiff's punitive damages claim on the grounds that the complaint's allegations fail to plead sufficient facts in support of a claim for punitive damages as required by California Civil Code § 3294(a-c).

As noted above, in his written opposition to the motions plaintiff states only that he has "stated any and all claims for which relief can be granted against this defendant in his complaint."  (Doc. No. 15 at 1.)

LEGAL STANDARDS APPLICABLE TO DEFENDANT'S MOTION

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1974 (2007).  Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  The court is permitted to consider material which is properly submitted as part of the complaint,

1    documents not physically attached to the complaint if their authenticity is not contested and the

2    plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los

3    Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

4           Federal Rule of Civil Procedure 9, titled "Pleading Special Matters," provides as

5    follows with regard to claims of "Fraud, Mistake, Condition of the Mind":

6           In all averments of fraud or mistake, the circumstances constituting
             fraud or mistake shall be stated with particularity.  Malice, intent,
7           knowledge, and other condition of mind of a person may be
             averred generally.
8

9    Fed. R. Civ. P. 9(b).  "Rule 9(b) serves not only to give notice to defendants of the specific

10   fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a

11   pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes

12   from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon

13   the court, the parties and society enormous social and economic costs absent some factual

14   basis.'"  Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac Elec.

15   Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)).  Accordingly, pursuant to Rule 9(b), a plaintiff

16   at a minimum must plead evidentiary facts such as the time, place, persons, statements and

17   explanations of why allegedly misleading statements are misleading.  In re GlenFed, Inc. Sec.

18   Litig., 42 F. 3d 1541, 1547 n.7 (9th Cir. 1994); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d

19   1097, 1106 (9th Cir. 2003); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).[2]

20          For the reasons set forth below, the undersigned will recommend that defendant's

21   motion to dismiss and motion to strike be granted.

22   /////

23   /////

24   _____

25        [2]  In addition, "[u]nder California law, the 'indispensable elements of a fraud claim
     include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and
     damages.'"  Vess, 317 F.3d at 1105 (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir.
26   1996)).

                                                    4

ANALYSIS

In his complaint plaintiff alleges that he took out the mortgage loan in question on April 27, 1992, and that he voluntarily filed a Chapter 13 bankruptcy on August 13, 1996, in the U.S. Bankruptcy Court for the Eastern District of California, Case No. 96-30531-A-13J.[3]  To the extent they can be identified[4], almost all of plaintiff's claims relating to his mortgage arose prior to his filing for bankruptcy in 1996.  Defendant has established that plaintiff failed to list any of those claims in his bankruptcy schedules.  Those claims belong to the bankruptcy estate and plaintiff therefore lacks standing to pursue them.  See In re Eisen, 31 F.3d 1447, 1451 n.2 (9th Cir. 1994) (only a representative of a bankruptcy estate has standing to prosecute claims of a debtor arising out of prepetition events); 11 U.S.C. § 541(a)(1).  For this reason, plaintiff cannot state a cognizable claim with respect to any cause of action that arose prior to his bankruptcy filing.

Defendant also persuasively argues that all of plaintiff's state law claims are time barred.  As noted above, the mortgage loan in question was made in April of 1992 and the deed of trust was foreclosed upon in February 2001.  Plaintiff, did not file his complaint in this action

---

[3]  Defendant has requested that the court take judicial notice of public records relating to the subject property including the Deed of Trust recorded May 19, 1992, the Trustee's Deed Upon Sale recorded February 22, 2001, plaintiff's bankruptcy petition and schedules filed August 13, 1996, the dismissal of plaintiff's bankruptcy proceedings on February 5, 2001 and records reflecting that defendant is a federal savings bank regulated by the Office of Thrift Supervision of the U.S. Treasury Department.  (Doc. No. 10.)  On a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings.  MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).  A court may take judicial notice of its own files and of documents filed in other courts.  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of documents related to a settlement in another case that bore on whether the plaintiff was still able to assert its claims in the pending case); Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims); Hott v. City of San Jose, 92 F. Supp. 2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of relevant memoranda and orders filed in state court cases).  Accordingly, defendant's request for judicial notice will be granted.

[4]  The court and the defendant have attempted to discern the facts and claims that plaintiff is attempting to assert.  However, neither plaintiff's complaint nor his conclusory opposition to the pending motions clearly articulate the legal theories upon which he seeks to recover.

1   until September 15, 2008, sixteen years after the loan closed and more than seven years after the

2   foreclosure.  It appears conceivable that plaintiff may be asserting state law claims of negligence

3   (two-year statute of limitations under California Code of Civil Procedure § 339), breach of

4   contract or breach of the implied covenant of good faith and fair dealing (four-year statute of

5   limitations under California Code of Civil Procedure § 337), fraud (three-year statute of

6   limitations under California Code of Civil Procedure § 338); breach of fiduciary duty (two-year

7   statute of limitations under California Code of Civil Procedure § 343) and/or restitution or

8   seeking the recovery of real property (five-year statute of limitations under California Code of

9   Civil Procedure § 318).  Accordingly, all of plaintiff's state law claims, including any possible

10  claims, are barred by the applicable statute of limitations.[5]

11          To the extent plaintiff alleges in his complaint that defendant was negligent in

12  extending, setting the terms of or servicing his mortgage loan or harmed him through

13  misrepresentations, misleading disclosures or wrongfully charging fees in connection with his

14  loan, it appears that such state law claims are preempted by the Homeowner's Loan Act (HOLA)

15  (15 U.S.C. § 1461, *et. seq.)* and its implementing regulations (12 C.F.R. § 560.2).  Silvas v.

16  E*Trade Mortgage Corporation, 514 F.3d 1001, 1006 (9th Cir. 2008) (claims based on

17  allegations of lender's misrepresentations in disclosures and advertising or of unfair competition

18  all preempted by HOLA); Buick v. World Savings Bank, ___F. Supp. 2d___, No. 2:07-CV-

19  01447-MCE-KJM, 2008 WL 2413172,  at *8 (E.D. Cal. June 12, 2008) (HOLA preempted

20  plaintiff's allegations concerning World's advertising practices or fees); But see Ayala v. World

21  Savings Bank, 616 F. Supp. 2d 1007, 1012 (C.D. Cal. 2009) (HOLA preempted plaintiff's state

22  /////

23

24          [5]  To the extent plaintiff could be attempting to pursue a claim against defendant for a
    violation of the federal Truth in Lending Act (TILA), such a claim is also time-barred.  15 U.S.C.
    § 1640(e) (a TILA action for damages must be brought with "one year from the date of the
25  occurrence of the violation").  The same is true as to any potential claim for rescission under
    TILA, since such claims are governed by a three-year statute of limitations.  15 U.S.C. § 1635(f);
26  see also King v. State of California, 784 F.2d 910, 913 (9th Cir. 1986).

1  law fraud claims based upon the terms of the loan in question but not plaintiff's claims that

2  defendant had no right to record a notice of default and foreclose).

3            Even were his state law claims not preempted, plaintiff has failed to allege a

4  cognizable negligence claim in connection with his mortgage loan.  As noted above, plaintiff

5  alleges merely that defendant damaged him by putting him "into an adjustable rate loan with

6  little or no regard to his ability to repay the loan" along with engaging in misleading acts in

7  servicing the loan.  (Compl. at 2.)  To the extent this is an attempt to state a negligence cause of

8  action against defendant, it fails because plaintiff has failed to allege facts of any special

9  circumstances that could possibly impose a duty on defendant World Savings Bank in connection

10  with this arms-length home mortgage loan transaction.  Oaks Management Corp. v. Superior

11  Court, 145 Cal. App. 4th 453, 466 (2006) (Absent such "special circumstances" a loan

12  transaction "is at arms-length and there is no fiduciary relationship between the borrower and the

13  lender."); Nymark v. Heart Fed. Savings and Loan Assn., 231 Cal. App. 3d 1089, 1096 (1991)

14  ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the

15  institution's involvement in the loan transaction does not exceed the scope of its conventional

16  role as a mere lender of money."); Wagner v. Benson, 1001 Cal. App. 3d 27, 35 (1980) (A lender

17  "owes no duty of care to the [borrowers] in approving their loan" and '[l]iability for negligence

18  arises only when the lender 'actively participates' in the financial enterprise 'beyond the domain

19  of the usual money lender.'" ); see also Renteria v. United States, 452 F. Supp. 2d 910, 922-23

20  (D. Az. 2006) (borrowers "had to rely on their own judgment and risk assessment to determine

21  whether or not to accept the loan").

22            For the same reasons, to the extent plaintiff is attempting to bring a cause of

23  action based upon an alleged breach of fiduciary duty, he cannot state a cognizable claim.  As

24  alluded to above, "[t]he relationship between a lending institution and its borrower-client is not

25  fiduciary in nature."  Nymark, 231 Cal. App. 3d at 1093, n.1.  Rather, a lender is entitled to

26  /////

1   pursue its own economic interests in a loan transaction.  (Id.) (citing Kruse v. Bank of America,

2   202 Cal. App. 3d 38, 67 (1988)).

3          Similarly, any claim that plaintiff is attempting to state based upon an alleged

4   breach of an implied covenant of good faith and fair dealing is not cognizable.  First, plaintiff has

5   not alleged any violation of the express terms of any contract he may have had with defendant

6   World Savings Bank.  Absent such allegations, plaintiff's claim fails.  See Pasadena Live, LLC v.

7   City of Pasadena, 114 Cal. App. 4th 1089, 1093-94 (2004) (The "implied covenant of good faith

8   and fair dealing is limited to assuring compliance with the express terms of the contract, and

9   cannot be extended to create obligations not contemplated by the contract.")  Moreover, any

10  claim for tortious breach of the implied covenant of good faith and fair dealing fails in light of

11  the lack of a fiduciary duty owed to plaintiff in connection with this home mortgage loan

12  transaction.  Pension Trust Fund v. Federal Ins. Co., 307 F.3d 944, 955 (9th Cir. 2002) (applying

13  California law and finding that even where there is a contractual relationship the "implied

14  covenant tort is not available to parties in an ordinary commercial transaction where the parties

15  deal at arms' length"); see also Kim v. Sumitomo Bank, 17 Cal. App. 4th 974, 979 (1993) ("the

16  relationship of a bank-commercial borrower does not constitute a special relationship for the

17  purposes of the covenant of good faith and fair dealing"); Mitsui Manufacturers Bank v. Superior

18  Court, 212 Cal. App. 3d 726, 729 (1989) (borrower precluded from asserting a claim of tortious

19  breach of the implied covenant of good faith and fair dealing against lender).

20         Finally, in apparently attempting to state a claim of fraud against defendant,

21  plaintiff has alleged merely that "[d]efendants conspired and committed fraud in the taking of

22  plaintiff's real property with malice."  (Compl. at 3.)  This conclusory allegation of fraud is

23  insufficient under Federal Rule of Civil Procedure 9(b).  As noted above, the Rule requires a

24  party to "state with particularity the circumstances constituting fraud."  This, plaintiff has failed

25  to do.  The court may dismiss a fraud claim when its allegations fail to meet the required

26  pleading standard.  Vess, 317 F.3d at 1107; see also Cooper v. Pickett, 137 F.3d 616, 627 (9th

Cir. 1997) ("fraud allegations must be accompanied by 'the who, what, when, where, and how' of the misconduct alleged").  The same principle applies under California law.  Tarmann v. State Farm Mutual Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991).  Accordingly, plaintiff has failed to state a cognizable fraud claim.

In a separate motion, defendant World savings has moved to strike plaintiff's prayer for punitive damages in the amount of $300,000,000.00.  In light of the deficiencies of plaintiff's complaint discussed above, it is apparent that punitive damages are not recoverable in this case as a matter of law and the demand may therefore be stricken.  See Bureerong v. Uvawas, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996) (motion to strike appropriate where the damages sought were not recoverable as a matter of law).  Although somewhat unnecessary in the context of this action, the undersigned will nonetheless recommend that defendant's motion to strike the punitive damages demand from plaintiff's complaint be granted.

The undersigned has carefully considered whether plaintiff may amend his complaint to state any claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments).  Leave to amend would clearly be futile in this instance given the deficiencies of plaintiff's complaint noted above.  Accordingly, the undersigned will recommend that this action be dismissed with prejudice.

OTHER MATTERS

As noted above, since the hearing of defendant's motions, plaintiff has filed with the court several motions and requests.  Specifically, on April 14, 2009,  plaintiff filed a motion for the appointment of counsel (Doc. No. 22); on May 11, 2009, he filed a "Request to Allow /////

1   This Case to Proceed" (Doc. No. 23); and on August 7, 2009, plaintiff filed a "Motion No File

2   Foreclosure With County Recorder" (Doc. No. 24).

3            Appointment of counsel is not a matter of right in civil cases.  See Ivey v. Board

4   of Regents, 673 F.2d 266, 269 (9th Cir. 1982).  Although plaintiff has made a showing of

5   indigency and has arguably demonstrated that his extensive efforts to secure representation have

6   been unsuccessful, he has not shown that his claims have merit such that counsel should be

7   appointed.  See Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1318 (9th Cir. 1981)

8   (describing factors to be considered in ruling on a request for appointment of counsel).  For these

9   reasons, plaintiff's request for appointment of counsel will be denied.

10           Likewise, plaintiff's request to proceed with this action and motion related to

11  foreclosure will be denied for the reason set forth above in addressing defendant's motion to

12  dismiss.

13                                            CONCLUSION

14           For the reasons set forth above, IT IS HEREBY ORDERED that:

15           1.  Defendant's request for judicial notice (Doc. No. 10) is granted;

16           2.  Plaintiff's request for appointment of counsel (Doc. No. 22) is denied;

17           3.  Plaintiff's "Request to Allow This Case to Proceed" (Doc. No. 23) is denied;

18           4.  Plaintiff's "Motion No File Foreclosure With County Recorder" (Doc. No. 24)

19  is denied; and

20           IT IS RECOMMENDED that:

21           1.  Defendant's motion to strike (Doc. No. 8 ) be granted pursuant to Federal Rule

22  of Civil Procedure 12(f);

23           2.  Defendant's motion to dismiss (Doc. No. 9) be granted pursuant to Federal

24  Rule of Civil Procedure 12(b)(6); and

25           3.  This action be dismissed with prejudice.

26  /////

1        These findings and recommendations will be submitted to the United States

2 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

3 fifteen days after being served with these findings and recommendations, any party may file and

4 serve written objections with the court.  A document containing objections should be titled

5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections

6 shall be filed and served within five days after the objections are served.  The parties are advised

7 that failure to file objections within the specified time may, under certain circumstances, waive

8 the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

9 1991).

10 DATED: August 26, 2009.

12 Dale A. Drozd

13 DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

14 Ddad1/orders.pro se/wilkerson2168.mtd.f&r